## King's Estate.

*Will—Devise—Condition subsequent.*

Where a testatrix directs that her trustees shall hold a house " as a residence and home " for her grandnephew, and that at his majority he is to have the election " if he wishes said house as his permanent home," and there is no condition precedent that the grandnephew shall occupy the house, a fee vests in the grandnephew immediately upon his election in good faith to take the house, and it is immaterial that he subsequently abandons it as a home.

Argued Jan. 7, 1903.   Appeal, No. 194, Jan. T., 1902, by Anna M. C. Davis and Minnie King Bennett, from decree of O. C. Phila. Co., April T., 1889, No. 448, dismissing exception to adjudication in estate of Mary L. King, deceased.   Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that testatrix died on November 27, 1885, leaving a will by which she directed as follows:

" I give, devise and bequeath unto my grandnephew Joseph Stever F. Kerr, his heirs and assigns forever my cottage situate at Hyannisport in the state of Massachusetts with all the grounds thereunto belonging and all the furniture therein contained.   It being my wish that my said grandnephew shall continue to spend his summer at this said place under the care and superintendence of my said executors or either of them or in the care of such person or persons as they may appoint until he shall have attained his majority, and all costs, and charges for taxes and repairs and maintenance of said cottage to be paid by my executors from the corpus of my estate so far as practicable during the minority of my said grandnephew and I further desire that at and during these visits my said grandnephew shall always have the right of taking and having with him one friend of his own selection during his stay there and I further desire that at and during these and all other visits my grandnephew shall make to the said cottage that he shall use and occupy the room in said cottage that I have always used

therein and which is known as my room.   And all the rest, residue and remainder of my estate, real, personal and mixed whatsover, I wish to be divided and distributed as follows, to wit: one full equal one-third part or share thereof to my said sister Prudence F. Packard, her heirs and assigns forever: one full equal one-third part or share thereof unto my said sister Annie M. C. Davis her heirs and assigns forever and the remaining one full equal one-third part or share thereof unto my executors as hereinafter named in trust nevertheless to the uses, terms, conditions and limitations in the trust hereinbefore created for the use and benefit of my said grandnephew Joseph Stever F. Kerr."

By a codicil she directed as follows:

"As it is my will and desire that my grandnephew, Joseph Stever F. Kerr, shall be educated at the University of Pennsylvania at Philadelphia, I will and direct that my executors and trustees named in my said will shall retain my house, No. 1719 Spruce Street, in the city of Philadelphia and the furniture therein at the time of my death, the same to be held by them under the residuary clause of my foregoing will, as a residence and home for my said grandnephew until he shall have attained the age of twenty-one years; the custody, management and support of said house during the said period to be under the control of my said executors and trustees, and if when my said grandnephew attains his majority he wishes the said house as his permanent home, then I give, devise and bequeath the house No. 1719 Spruce Street, aforesaid, with the lot of ground thereunto belonging and all the furniture therein contained to my said executors and trustees in trust for that purpose under and subject to all the restrictions, conditions and limitations contained in the foregoing clause of my last will and testament, wherein the trust for the benefit of my said grandnephew is created."

At the audit of the trustees' accounts, it was sought to charge the trustees with the rents of 1719 Spruce street paid by them to J. S. F. Kerr.   It was objected that Kerr had abandoned the house as a home, and that therefore his estate was divested. The auditing judge refused the surcharge.

Exceptions to adjudication were dismissed by the court.

*Errors assigned* were in dismissing exceptions to adjudication.

*Charles F. Eggleston*, for appellants.

*Charles C. Townsend*, for appellees, was not heard.

PER CURIAM, April 27, 1903:

The gift of the testatrix to her grandnephew was of a right of election at his majority to take the house as his permanent home. During his minority she chose for him by the direction to the trustees under her will to hold the house and its furniture "as a residence and home for him." But at his majority he was to have the election "if he wishes said house as his permanent home." This election he exercised. There is no charge that he made a false or pretended choice in fraud of the will, and having chosen in good faith the estate vested. There was no condition precedent that he should occupy it, and none either precedent or subsequent that his occupation of it should be continuous. What the testatrix meant is clear, that the devisee at his majority should accept the house as his permanent home, with the same right that any other owner would have to change of occupation consequent on change of circumstances. This is the natural and reasonable meaning of her language, and that her actual intent did not contemplate any unusual requirements as to occupation is demonstrated by the devise to the same nephew of her cottage at Hyannisport in fee with the direction that the trustees should provide for his spending his summers there during his minority.

Decree affirmed with costs.