## Smylie's Estate.

*Wills — Devise upon condition — Right of occupancy — Substitutionary devise.*

Testatrix died in 1895, leaving a will made in 1892, by which she devised the property then occupied by her son to trustees, in trust for him to occupy during his life, "so that he may use and keep the same free of rent or charge, my estate to pay all taxes assessed thereon. . . . And at the death of my said son, M. C. S., in trust for his widow and children so long as she remains his widow." The son died in 1893, testatrix in 1895. The son's widow occupied the property until 1913, and thereafter rented it and received the rents: *Held*, there was nothing in the will requiring the son or his widow, as a condition precedent, to live in the house, and no reason why they might not occupy the property by their duly authorized tenant: *Held*, further, that the widow was entitled to the benefit of the provision contained in the devise to the son, for the payment of taxes by the residuary estate, she taking the devise by substitution upon his death.

Exceptions to adjudication.  O. C. Phila. Co., Jan. T., 1896, No. 280.

The facts appear in the opinion of the court, as do the provisions of the will; the language of the codicil referred to in the opinion was as follows:

"It is also my will that the amount of money advanced or given to my daughters Ellen S. Herkness and Mary E. Dallett and my son Robert S. Smylie for the purchase of real estate for homes shall not be charged against them or their interest in my estate, thus equalizing the provisions for homes made to my other children.  This clause is not to be considered to be in conflict with the clause in this Codicil in which the money advanced, paid to or on account of any of my children shall be charged against them."

The auditing judge, Lamorelle, P. J., held that the trust created for the benefit of the son was to continue on like terms and conditions for the benefit of his widow, so long as she remained his widow, and that the taxes were to be paid from the residuary estate; that it was not necessary for the widow actually to occupy the house; that if she chose to rent it, the income was hers; and that she was not chargeable with the taxes, saying, *inter alia:*

"Actual occupancy was not imposed as a condition precedent or subsequent. The right of occupancy was given.  The principle of law is well settled that where a gift is made for a single purpose, the legatee or devisee may use the gift in such way as will best promote his or her benefit.  In McCalla's Estate, 16 Pa. Superior Ct. 202, wherein a property was left for a home for a woman and her husband during their lives, it was held that they were entitled to possession, whether they used it for a home or not.  What is said in that case seems to be applicable in the present."

*Saul, Ewing, Remick & Saul,* for exceptions.

*Frederick H. Spotts,* for accountants, and *James F. Hagen,* for Jennie Smylie, contra.

HENDERSON, J., June 22, 1923.—By her will testatrix directed as follows:

"I give, devise and bequeath unto The Philadelphia Trust, Safe Deposit and Insurance Company, Robert S. Smylie and A. Morris Herkness, their suc-
3 D. & C.

cessors, heirs or assigns, the property now occupied by my son, Matthew C. Smylie, situate on Fountain Hill, South Bethlehem, Pennsylvania, in trust for my said son, Matthew C. Smylie, during his life, so that he may use and occupy the same free of rent or charge, my estate to pay all taxes assessed thereon, and if my said son shall at any time so desire, my said Trustees shall sell and convey the said property and reinvest the purchase money in another property that may be selected by my said son, which said property so purchased to be held by my said Trustees in the same manner as the property on Fountain Hill, South Bethlehem, Pa., is directed to be held, and so on, to convey and reinvest as my said son may desire, without any liability on the part of any of the purchasers to see to the application of the purchase money. And at the death of my said son, Matthew C. Smylie, in trust for his widow and children so long as she remains his widow. And upon the marriage or death of his widow, then I give, devise and bequeath the said property situate on Fountain Hill, South Bethlehem, Pennsylvania, or such other property that may be substituted for it, to the children of my said son, Matthew C. Smylie, their heirs and assigns, in fee."

The testatrix died in 1895, and from about 1883 the son, Matthew C., and his wife, Jennie, lived in the house in Bethlehem designated in the will until his death on April 25, 1893, before, it will be observed, the death of the testatrix, and thereafter his widow continued to live there until about 1913, and from that date until 1922 his widow rented the property and received the rents therefor. In the latter year this property, the one named in the will, was sold under a decree of the Orphans' Court of Northampton County, and in August, 1922, under authority of this court, in accordance with the terms of the will, the proceeds were used to purchase No. 1831 Jefferson Avenue, Bethlehem, which property is in the possession of the widow of the son, and which she rents and receives the rental therefor.

The question raised by the exceptions is as to whether the widow is entitled to the rents of the property, she not living therein, and whether she is entitled to have the taxes paid from the residuary estate.

We can find nothing in the will requiring the son or his widow, as a condition precedent, to live in the house in order to receive the benefit under this trust. The devise is, "in trust for my said son, Matthew C. Smylie, during his life, so that he may use and occupy the same free of rent or charge. . . ." The trust is for Matthew, and at his death for his widow, and we can find no condition that they must live in the property. The next clause in the will remarks, probably parenthetically, "so that he may use and occupy the same free of rent or charge. . . ." He, or his widow, certainly use the property when they rent it, and we see no reason why they may not occupy the property by their duly authorized tenant. See Wusthoff v. Dracourt, 3 Watts, 240, and King's Estate, 205 Pa. 416.

The other question raised by the exceptions is as to whether the widow of the son, Matthew C., is entitled to the benefit of the provision of the clause creating this trust for the payment of taxes by the residuary estate. This is not a question of an accruing share, but the clause rather provides for the substitution of the widow of the son, Matthew C., upon his death. We have an illustration of a substitution in Tayntor's Estate, 1 D. & C. 791.

It appears from the codicil that the decedent had advanced money to three of her children, Ellen S. Herkness, Mary E. Dallett and Robert S. Smylie, for the purchase of homes, and directs that the money thus advanced should not be charged against them or their interest in her estate, "thus equalizing the provisions for homes made to my other children." Having given outright to

Smylie's Estate.

these three children the money to buy homes in her lifetime, she evidently felt impelled, when making a provision for the son Matthew C., as he did not get a fee, to provide for the payment of the taxes. And, upon his death, she did not create any new or further trust, but simply substituted the widow of Matthew C. as the beneficiary, so long as she remained his widow. This provision is to be liberally interpreted, for the reason that it is made in an effort to equalize to Matthew C. and his widow what she had done for three other children in an absolute way. Even with the provision for the payment of taxes in favor of Matthew C. and his widow, she has not by any means equalized what she did for the other three children absolutely.

The exceptions are dismissed and the adjudication is confirmed absolutely.